# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WHITNEY NATIONAL BANK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 11-0190-KD-C |
| | ) |
| **W. ALLEN COX, JR.,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This action is before the Court upon *sua sponte* review of the Court's jurisdiction and its order to show cause why this action should not be remanded to the Circuit Court of Baldwin County, Alabama (doc. 10), and the responses to the Court's order filed by plaintiff Whitney National Bank (Whitney) (doc. 11) and defendant W. Allen Cox, Jr. (Cox) (doc. 12). Upon consideration and for the reasons set forth herein, this action is **remanded** to the Circuit Court of Baldwin County, Alabama.

Procedural History

Whitney filed suit against Cox in the Circuit Court of Baldwin County, Alabama seeking to recover debt due on a loan transaction. Cox answered and counterclaimed against Whitney. He also filed a third party complaint against BP Exploration and Production, Inc. (BP) and it removed this action to this Court (doc. 1). BP alleged jurisdiction pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 and 43 U.S.C. § 1349(b)(1)(A), and subject matter jurisdiction under 28 U.S.C. § 1331, and removed the entire action under the removal statute 28 U.S.C. § 1441(c). Subsequent thereto, the Judicial Panel on Multidistrict Litigation transferred this action to the United States District Court for the Eastern District of Louisiana for consolidated pretrial proceedings in MDL No. 2179, In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico on April 20, 2010 (doc. 9). In the same order, the Panel separated and remanded Whitney's claims against Cox and his counterclaims against Whitney (*Id*.) Cox's

claims against BP remained in the MDL action in the Eastern District of Louisiana. The Court then *sua sponte* inquired into its jurisdiction since the claims between Whitney and Cox had been separated and remanded and entered an order for the parties show cause why the remaining action between Cox and Whitney should not be remanded to the Circuit Court of Baldwin County, Alabama (doc. 10). The parties have now responded to the order (docs. 11, 12).

Analysis

Relevant to this order and in addition to the other grounds for removal, BP removed on basis of 28 U.S.C. § 1441(c), which sets forth as follows:

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331[1] of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

The parties do not dispute that this action is "otherwise non-removable" because defendant Cox is a citizen of the forum state, Alabama.[2] Also, the parties do not dispute that state law predominates over the remaining claims or that there is diversity jurisdiction.

Cox does not oppose the remand and argues that interests of judicial economy, convenience, and fairness dictate that this action should be remanded. In opposition, Whitney argues that those same interests including comity would best be served by this Court's retention of jurisdiction. Whitney argues that recusals by the state court judges have left the state court case without development or advancement and that further delay will occur on remand since a

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[2] *See* 28 U.S.C. § 1441(b) stating in the second sentence that "Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" and thus clarifying that only arising under cases shall be removable without regard to the citizenship of the parties.

new judge would need to be assigned to the case. Whitney also argues that the state law claims are not novel or complex issues of state law and that this Court is as familiar with those claims as the state circuit court judges since they have recused themselves.

Discretion to "remand all matters in which State law predominates," rests in this Court and there is no dispute that the remaining claims are state law claims. 28 U.S.C. § 1441(c). Whitney's argument that there may be procedural delay on remand and that this Court may be familiar with the state law claims does not persuade the Court to retain jurisdiction over an action in which state law predominates. As to procedural delay, this action was conditionally transferred by the MDL panel almost immediately upon removal and shortly after the preliminary scheduling order was entered. Subsequent thereto, the action between Whitney and Cox was severed and remanded to this Court. The deadline for filing the report of parties' planning meeting was June 3, 2011, and no report was filed. Therefore, no Rule 16(b) scheduling order was entered and thus no deadlines set or discovery ensued. In other words, this Court has done very little and is certainly not more familiar with the action than the state court.

Since all federal claims which formed the basis for removal have been severed and transferred to the Eastern District of Louisiana and the only claims remaining are those for which state law predominates, *i.e.*, Whitney's collection of the debt allegedly owed by Cox and Cox's counterclaims against Whitney which arise out of the same loan transaction, the Court declines to exercise its discretion to retain jurisdiction over the remaining state law claims in the otherwise non-removable action between Whitney and Cox.

Although discussed in terms of the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367, the Court of Appeals for the Eleventh Circuit has explained that "if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of state claims." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir.) (citing *United Mine Workers v.*

3

*Gibbs*, 383 U.S. 715, 726 (1966)), *cert. denied*, 528 U.S. 820 (1999); *Arnold v. Tuskegee University*, 212 Fed.Appx. 803, 811 (11th Cir. 2006) ("When the district court has dismissed all federal claims from a case, there is a strong argument for declining to exercise supplemental jurisdiction over the remaining state law claims") (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7 (1988)); *see also Baker v. Quantegy Unlimited Inv. Terminus, LLC,* 2011 WL 1433603, 2 -3 (M.D. Ala., April 14, 2011) (finding that because the Fair Labor Standards Act claim was separate and independent from the worker's compensation claim, the court had discretion under § 1441(c) to remand the worker's compensation claim as one wherein Alabama law predominates); *Mortgage Electronic Registration Systems, Inc. v. Edwards*, 2011 WL 1059153, 3 (S.D.Ala. Mar. 23, 2011) (J. DuBose) (remanding after resolution of the federal question issue and finding that "the remaining issues are 'otherwise non-removable claims or causes of action'" based upon state law). Also, "[s]tate courts, not federal courts, should be the final arbiters of state law." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir.1997).

Moreover, "Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

**DONE** this the 15th day of July, 2011.

         **s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**